**EXHIBIT "1"**

Electronically Filed Superior Court of CA County of Contra Costa 5/16/2025 11:47 AM By: S. Gonzalez, Deputy

JOHN S. SARGETIS (SBN: 80630)
STEPHEN J. FOONDOS (SBN 148982)
UNITED LAW CENTER
3301 Watt Ave., Suite 500
Sacramento, CA 95821
Tel: (916) 367-0647
E mail: jsargetis@unitedlawecenter.com
       sfoondos@unitedlawcenter.com

Attorneys for Plaintiffs Jonathan Matias;
Sharon Bacani

## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF CONTRA COSTA

| | |
|---|---|
| JONATHAN MATIAS; SHARON BACANI ) | Case No.    C25-01369 |
| ) | |
| Plaintiff, ) | **COMPLAINT FOR INJUNCTIVE** |
| ) | **RELIEF AND DAMAGES FOR** |
| vs. ) | **WRONGFUL ISSUANCE OF NOTICE OF** |
| ) | **DEFAULT AND NOTICE OF TRUSTEE'S** |
| PHH MORTGAGE CORPORATION dba ) | **SALE IN VIOLATION OF CIVIL CODE** |
| PHH MORTGAGE SERVICES; ) | **§2923.5 AND §2924 et. Seq.** |
| ) | |
| DEUTSCHE BANK NATIONAL TRUST ) | |
| COMPANY, as trustee for GSAA HOME ) | |
| EQUITY TRUST 2007-5, ASSET BACKED ) | |
| CERTIFICATES, SERIES 2007-5 ) | |
| ) | SUMMONS ISSUED |
| WESTERN PROGRESSIVE, LLC; ) | |
| ) | |
| DOES 1 through 50, inclusive, ) | |
| ) | |
| Defendants. ) | Per local Rule, This case is assigned to |
| | Judge Reyes, Benjamin T, II, for all purposes. |

Plaintiffs  JONATHAN  MATIAS:  SHARON  BACANI  (Plaintiffs)alleges  against

Defendants, as follows:

///

///

1
COMPLAINT

Processed by Court on 5/16/2025 3:19 PM

EXHIBIT "1"
Page 1 of 21

## PARTIES AND JURISDICTION

1. Plaintiffs are, and at all times herein relevant were individuals residing in the County of Contra Costa.

2. Plaintiffs are the owners of, and continual uninterrupted residents of their real property residence located at 1671 Observation Way, Antioch, CA 94531, APN 055-690-019-9 that is the subject of this Complaint ("Subject Property").

3. Plaintiff brings this action against Defendants for injunctive, declaratory and equitable relief arising from the Defendants' wrongful acts or omissions as set forth hereinbelow to foreclose on the Subject Property, take title thereto and evict the plaintiffs therefrom.

4. At all times relevant, Defendant PHH Mortgage Corporation doing business as PHH Mortgage Services (PHH") was and is doing business in the County of Contra Costa, State of California.

5. At all times relevant DEUTSCHE BANK NATIONAL TRUST COMPANY, as trustee for GSAA HOME EQUITY TRUST 2007-5, ASSET BACKED CERTIFICATES, SERIES 2007-5 was and is doing business in the County of Contra Costa, State of California.

6. At all times relevant, Defendant Western Progressive, LLC ("Western") was, and is doing business in the County of Contra Costa, State of California.

7. The true names and capacities, whether individual, corporate, associate or otherwise of Defendants named herein as DOES 1 through 50 are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and Plaintiff will amend this Complaint to show their true names, involvement and capacities when the same has been ascertained.

8. Plaintiff is informed and believes, and on that basis alleges, that each of the Defendants named herein as DOE was in some manner responsible, or will be responsible, for the harm and losses suffered by Plaintiff.

9. Whenever reference is made in this Complaint to any act of any corporate or other business Defendant, that reference shall mean that the corporation or other business did the acts

2
COMPLAINT

alleged in this Complaint through its officers, directors, employees, agents and/or representatives while acting within the actual and ostensible scope of their authority.

## GENERAL ALLEGATIONS

10. On or December 22, 2006, plaintiffs borrowed $780,000 from NL, Inc., which loan was secured by a Deed of Trust against the Subject Property.

11. Fidelity National Title is the named trustee of the Deed of Trust.

12. Subsequently, defendant Western became and is now the current trustee of the Deed of Trust.

13. Subsequent to the execution of the Deed of Trust, Bank of America N.A. became the servicer of the loan which gave it the right to receive the monthly loan payments from plaintiffs.

14. Subsequent to the loan being made by NL, Inc. the loan was acquired or assigned to and is currently owned and held by DEUTSCHE BANK NATIONAL TRUST COMPANY, as trustee for GSAA HOME EQUITY TRUST 2007-5, ASSET BACKED CERTIFICATES, SERIES 2007-5 (Deutsche).

15. Subsequent to the execution of the Deed of Trust, Bank of America N.A. became the servicer of the loan which gave it the right to receive the monthly loan payments from plaintiffs.

16. Subsequently as of **November 30, 2013,** Ocwen Loan Servicing, LLC (Ocwen) became the servicer of the loan.

17. Subsequently effective **May 1, 2019** PHH Mortgage Services became the servicer of the loan.

18. At all relevant times, PHH Mortgage Services was a business owned by PHH Mortgage Corporation with PHH Mortgage Services being a dba of PHH Mortgage Corporation.

19. About **2016** Ocwen issued plaintiffs a modification of the repayment terms of the loan permanently reducing the interest rate from approximately about 6.7 % to 2%.

20. In approximately early **2024** plaintiffs applied and submitted to PHH a complete loan modification application with supporting documents.

3
COMPLAINT

21. On **February 12, 2024,** PHH sent a letter to plaintiffs informing them this modification application was received and was complete.

22. On **March 6, 2024,** PHH sent a letter to plaintiffs denying a loan modification for the stated reason "the lowest modification payment that we can provide will exceed the current mortgage payment by more than 25%".

23. PHH wrongfully denied the loan modification because on information and belief the lowest modification payment that can be provided did not exceed the current mortgage payment by more than 25%.

24. Plaintiffs appealed this denial and on **March 27, 2024,** PHH sent a letter to plaintiffs. informing them their modification application/appeal of the denial was received and was complete and was being reviewed.

25. On **April 18, 2024,** PHH sent a letter to plaintiffs denying the modification/appeal due to "the lowest modification payment that we can provide will exceed the current mortgage payment by more than 25%".

26. PHH wrongfully denied the loan modification because on information and belief the lowest modification payment that can be provided did not exceed the current mortgage payment by more than 25%.

27. On **July 11, 2024,** defendant Western at the direction of PHH and Deutsche issued to plaintiffs and recorded a Notice of Default, **Exhibit 1** hereto of the loan secured by the Deed of Trust which Notice is the first step in the foreclosure process.

28. Plaintiffs re applied/ appealed the PHH denial.

29. On **July 30, 2024,** PHH sent a letter to plaintiff informing them their application/appeal was complete as of July 23, 2024, and was under review.

30. About **August 30, 2024** PHH approved plaintiffs for a loan modification conditioned on them making three trial plan payments of approximately $6,700 after which their permanent monthly payment would be at the same 2% interest with a monthly payment in the $4,000 range.

31. Plaintiffs duly made the three trial plan payments.

4
COMPLAINT

32. Thereafter, in **January 2025** PHH issued plaintiffs a permanent modification written agreement for them to sign and return by January 27, 2025.

33. Plaintiffs objected to the terms of the permanent modification and did not sign it since the interest rate was set at approximately 6.7 % and not the promised 2% rate of the existing loan and with monthly payments of about $6,800 when the monthly payment at 2% was to be about $4,000.

34. On March 10, 2025, PHH notified plaintiffs that the permanent modification offer had been rescinded since it was not signed by and submitted back to PHH.

35. On April 4, 2025, defendant Western at the direction of PHH and Deutsche issued and recorded a Notice of Trustee's Sale, **Exhibit 2 hereto**, setting May 21, 2025, as the public foreclosure sale auction date to be conducted at the place of sale listed therein in Pittsburg, California.

36. Plaintiffs have been and will be seriously emotionally and financially injured unless Defendants' ongoing attempts to foreclose the subject Property and take title thereto are not temporarily, preliminarily and permanently enjoined. Plaintiffs will suffer irreparable injury of a continuing nature that cannot be adequately calculated or compensated by an award of money damages because the foreclosure proceedings are against Plaintiff's residence, deemed by law as being unique.

## FIRST CAUSE OF ACTION

### WRONGFUL ISSUANCE OF NOTICE OF DEFAULT AND NOTICE OF TRUSTEE'S SALE IN VIOLATION OF CIVIL CODE §2923.5 AND §2924

37. Plaintiffs incorporate by reference the allegations set forth above and below.

**A. The Court has the authority to enjoin a foreclosure sale of a person's residence.**

38. A valid foreclosure by the private power of sale requires strict compliance with the requirements of the foreclosure statutes. The wrongful issuance of a Notice of Default is grounds for an injunction to stop the sale.

5
COMPLAINT

39.    The procedure for foreclosing on a security by a trustee's sale pursuant to a deed of trust is set forth in Civil Code section 2924 et seq. The statutory requirements must be strictly complied with, and a trustee's sale based on a statutorily deficient notice of default is invalid.

40.    Because nonjudicial foreclosure is a 'drastic sanction' and a 'draconian remedy, the statutory requirements must be strictly complied with, and a trustee's sale based on statutorily deficient notice of default is invalid.

41.    A Notice of Default that incorrectly states the amount in arrears is materially defective. because it fails to achieve one of its primary purposes and thus an overstatement of the amount in default is a material misstatement.

**B. The Notice of Default is defective as the Statement therein that the required Civil Code 2923.5 requirements were complied with, is false.**

42.    Civil Code section 2923.5 requires, before a notice of default may be filed, that the borrower be contacted in person or by telephone to "assess" the borrower's financial situation and "explore" options to prevent foreclosure. It states, in relevant part: "(2) A mortgagee, beneficiary, or authorized agent shall contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure."

43.    The provisions of Civil Code 2923.5 may be enforced by a private right of action.

44.    Plaintiffs have a right of action under section 2923.5.

45.    The Notice of Default, **Exhibit 1** hereto has an attachment page consisting of the required Declaration of Compliance with Civil Code 29243.5. The attachment has the box checked next to the statement that in effect the plaintiffs were not contacted but that due diligence was made to contact them.

46.    Defendants did not conduct due diligence to comply with Civil Code 2923.5 as they did not call plaintiffs whose telephone number they had nor did plaintiffs receive any messages

6

COMPLAINT

from defendants calling to discuss the plaintiff's financial situation and explore options to prevent foreclosure 30 days prior to filing the NOD.

47.    Although the NOD filed against Plaintiff per Section 2924 included a declaration that the mortgagee, beneficiary, or authorized agent has contacted the borrower or had tried with due diligence to contact the borrower, or that no contact was required pursuant to subdivision (h) of 2923.5, that declaration was false.

48.    Plaintiffs were never contacted at the primary telephone number on file at least three times at different hours and on different days by the mortgagee, beneficiary, or authorized agent after the first-class letter that includes the toll-free HUD telephone number was sent.

49.    Plaintiffs were never contacted by a mortgagee, beneficiary, or authorized agent using an automated system that connects to a live representative when the telephone call is answered.

50.    Furthermore, prior to 30 days before the filing of the Notice of Default Plaintiffs had not
   a.    Surrendered the property;
   b.    Contracted with an organization, person, or entity whose primary business is advising people who have decided to leave their homes on how to extend the foreclosure process and avoid their contractual obligations to mortgagees or beneficiaries; or
   c.    Filed under Chapter 7, 11, 12, or 13 of Title 11 of the United States Code and the bankruptcy court has not entered an order closing or dismissing the bankruptcy case or granting relief from a stay of foreclosure.

51.    The Deed of Trust on the Subject Property was recorded between January 1, 2003 and December 31, 2007, and the Deed of Trust secures an owner-occupied residence that is the principal residence of Plaintiffs containing no more than four dwelling units.

52.    At all times, Plaintiffs were available to be contacted either in person or telephonically in order to assess their financial situation and explore options to avoid foreclosure. However, Defendants have refused and failed to engage in such a meeting.

7<br>COMPLAINT

53. Despite Defendant's failure to comply with these statutory requirements for a valid Notice of Default, the Notice of Default, Exhibit 1, hereto was recorded against the Subject Property.

54. Tender of the mortgage indebtedness is not a prerequisite to bringing an action under Section 2923.5.

55. As a result of the failure of Defendants, or anyone authorized, to comply the provisions of Section 2923.5 the Notice of Default is defective and unenforceable and Plaintiffs are entitled to an injunction prohibiting foreclosure proceedings under said NOD, an order or judgment for either removal of the NOD from the County Recorder's Office or if the NOD is not removable because it is a recorded document, then an order for its rescission and general and special damages according to proof.

56. Plaintiffs request the court issue an Order to Show Cause, Temporary Restraining Order and a Preliminary and permanent Injunction to enjoin the sale of the Subject Property.

**C. The Notice of Default and Notice of Trustee's Sale were wrongfully issued because PHH failed to modify the loan repayment terms to the required and agreed 2%.**

57. But for the wrongful act of defendants to not issue a permanent loan modification with payments based on 2% interest plaintiffs would have signed it and would have made the monthly payments which would have been in the $4,000 range and a Notice of Default would never have been issued and recorded.

58. Plaintiffs relied on the representation that if they made the three trial payments they would be issued a permanent modification at the 2% rate and made the trial plan payments.

**D. The Notice of Default and Notice of Trustee's Sale were wrongfully issued as the prior denial of a modification based on the above described 25% rule was incorrect.**

59. Defendants incorrectly calculated that the reduced payment was going to be 25% higher and on those grounds denied issuance of a modification.

60. However, if the correct payment was calculated plaintiffs would have been issued a

8
COMPLAINT

modification on which payment would have been made and thus the Notice of Default would never have to been issued or recorded.

61. The above described loan modification applications and their consideration of them and wrongful denials were wrongful also because PHH dragged plaintiffs through nearly a year of modification processing that was fraught with errors and repeated requests for the same documents PHH already had.

62. These deliberate unfounded requests caused the plaintiffs to become further in default which resulted in massive arrearages resulting in not being able to pay in full the past due amount on the loan.

63. But for this wrongful conduct in connection with the application to modify the loan terms the Notice of Default would never have been issued, thus making it null and void and not the basis for conducting a foreclosure sale.

**E. PHH agents falsely told plaintiffs they would receive a modification promptly once they had submitted a complete loan modification application.**

64. Prior to each denial of a loan modification as set forth above PHH had falsely said plaintiffs their modification application was not complete but which it was as in each case as described above PHH subsequently admitted the applications were complete.

65. The plaintiffs loan modification application was complete along with related.

66. The subsequent issuance of a Notice of Default was wrongful as it was based on the false statement that the application was not complete, when it was.

67. It was the responsibility of PHH representatives to inform plaintiffs with the correct information as to whether their loan modification application is "complete" in order to determine eligibility for loan modification assistance.

68. This duty was breached when PHH denied plaintiffs application due to their alleged failure to provide documents that had in fact been received by PHH.

9

COMPLAINT

**F.   PHH falsely represented to plaintiffs if they entered into a Trial Payment Plan, ("TPP") requiring three consecutive monthly payments, they would receive a permanent modification of the repayment terms of the loan with a lower monthly payment based on their current interest rate.**

69.     Instead of maintaining the existing 2% interest rate for an approved modification. PHH wrongfully tripled it to a staggering 6.875% which plaintiffs refused to comply with. .

70.     Nevertheless, PHH continued to push plaintiffs into accepting another high-interest modification representing falsely r they would be issued a lower rate in the future.

71.     This of course, was the trap which led plaintiffs into this scenario where they were being forced into accepting entirely new terms that were impossible for them to accept.

**WHEREFORE,** Plaintiff prays for judgment against Defendants, and each of them, as follows:

     a.   For compensatory damages in an amount to be determined by proof at trial;

     b.   For special damages in an amount to be determined by proof at trial;

     c.   For general damages in an amount to be determined by proof at trial;

     d.   For special damages in an amount to be determined by proof at trial, including attorney's fees and costs of this action;

     e.   For injunctive relief that Defendants are prevented from engaging in any sale, transfer, conveyance, actions or any conduct adverse to Plaintiff's interest in the Subject Property;

     f.   That the foreclosure or attempted foreclosure of the Subject Property is deemed illegal and void;

     g.   For expungement of any and all foreclosure instruments relating to the Subject Property;

     h.   For removal of any and all derogatory information reported to any and all credit reporting agencies and/or bureaus relating to the transaction involved herein;

10<br>COMPLAINT

i.  Plaintiff tenders the amount owing to the true holder of the note in due course to the extent required by law, and reserving any right to pursue damages for wrongful conduct of the defendants, and reserving any rights to claims and offsets;

j.  Such other relief as set forth and requested above, and

k.  Any other and further relief that this Court deems equitable and proper.

DATED: May 16, 2025                          Respectfully submitted,

                                             **UNITED LAW CENTER**
                                             A Professional Law Corporation

                                             By: _____
                                                 John S. Sargetis
                                                 Attorney for Plaintiffs

11
COMPLAINT

# Exhibit 1

TS No.: 2024-00259-CA

RECORDING REQUESTED BY:
Premium Title of California, Inc.

WHEN RECORDED MAIL TO:
Western Progressive, LLC
7730 Market Center Ave, Suite 100
El Paso, TX 79912

TS No.: 2024-00259-CA
APN No.:055-690-019-9



Electronically Recorded
CONTRA COSTA Co Recorder Office
KRISTIN B. CONNELLY, Clerk-Recorder
DOC - 2024-0066362
Thursday, Jul 11, 2024 13:51:00
SB2 Fee: $75.00

Total Paid: $101.00
10 - SimpliFile

Receipt #: 202400062865

185 / CLERKPC18 / 1-4



## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

PURSUANT TO CIVIL CODE 2923.3(a), THE SUMMARY OF INFORMATION REFERRED TO BELOW IS NOT ATTACHED TO THE RECORDED COPY OF THIS DOCUMENT BUT ONLY TO THE COPIES PROVIDED TO THE TRUSTOR.

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED

注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

### IMPORTANT NOTICE

IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION, and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted  reinstatement of your account, which is normally five business days prior    erty. No sale date may be set until approximately 90 days from  corded (which date of recordation appears on this notice).

This amount is $ 52,294.82 as of 08/15   it becomes current. While your property is in foreclosure, yo    insurance and taxes) required by your note and deed of tru    ments on the loan, ay taxes on the property, provide ins    tions as required in e note and deed of trust or mortgage    you do so in order reinstate your account in good standi    may require as a ndition of reinstatement that you pr    d all senior liens, pperty taxes, and hazard insurance p

CA   D 0219

Page 1 of 3



Upon your written request, the beneficiary
amount you must pay. You may not have to pay the entire unpaid portion
full payment was demanded, but you must pay all amounts in default at the time payment is made.
However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the
notice of sale is posted (which may not be earlier than three months after this notice of default is
recorded) to, among other things. (1) provide additional time in which to cure the default by transfer
of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or
both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the
obligation being foreclosed upon or a separate written agreement between you and your creditor
permits a longer period, you have only the legal right to stop the sale of your property by paying the
entire amount demanded by your creditor.

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your
property is in foreclosure for any other reason, contact:

Deutsche Bank National Trust Company, as Trustee for GSAA Home Equity Trust 2007-5, Asset-
Backed Certificates, Series 2007-5, By PHH Mortgage Corporation its attorney in-fact

Progressive, LLC
Ave, Suite 100
79912
744-2506

If you have                                              the governmental agency which may have
insured your

Notwithstand                                             osure, you may offer your property for sale
provided the                                             he foreclosure.

Remember,                                                IF YOU DO NOT TAKE PROMPT
ACTION.

NOTICE IS                                                LLC is either the original trustee, the duly
appointed                                                tee or beneficiary under a Deed of Trust
dated 12/22/                                             Bacani, husband and wife, as Trustor, to
secure certai                                            NDER MORTGAGE ELECTRONIC
REGISTRAT                                                led 12/29/2006 , as Instrument No.
2006-0414805                                             Office of the Recorder of Contra
Costa County                                             cularly described on said Deed of
Trust.

Version 1.1 CA

Page 2 of 3

Street Address or other common designation of real property:
1671 OBSERVATION WAY, ANTIOCH, CA 94531

The subject obligation includes ONE NOTE(S) FOR THE ORIGINAL sum of $ 780,000.00. A breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of the following:

Installment of Principal and Interest plus impounds and/or advances which became due on 10/01/2023 plus late charges, and all subsequent installments of principal, interest, balloon payments, plus impounds and/or advances and late charges that become payable.

You are responsible to pay all payments and charges due under the terms and conditions of the loan documents which come due subsequent to the date of this notice, including, but not limited to, foreclosure trustee fees and costs, advances and late charges.

Furthermore, as a condition to bring your account in good standing, you must provide the undersigned with written proof that you are not in default on any senior encumbrance and provide proof of insurance.

Nothing in this notice of default should be construed as a waiver of any fees owing to the beneficiary under the deed of trust, pursuant to the terms and provisions of the loan documents.

That by reason thereof, the present beneficiary under such deed of trust, has delivered to said duly appointed Trustee, a written request to commence foreclosure, and has deposited with said duly appointed Trustee, a copy of the deed of trust and other documents evidencing the obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

2. The mortgage servicer has exercised due diligence to contact the borrower pursuant to California Civil Code §2923.5 and Civ. Code §2 financial situation and explore options for the borrower to av have passed since these due diligence requirements were

ee attached Declaration.

ted: July 10, 2024



Borrower(s): JONATHAN MATIAS AND
Property Address: 1671 OBSERVATION WAY, ANTIOCH, CA

The undersigned declares as follows:

I am employed by the undersigned mortgage servicer, and I have reviewed its business records for the borrower's loan, including the borrower's loan status and loan information, to substantiate the borrower's present loan default and the right to foreclose. The information set forth herein is accurate, complete and supported by competent and reliable evidence that I have reviewed in the mortgage servicer's business records. Those records reflect one of the following.

☐   The mortgage servicer contacted the borrower to assess the borrower's financial situation and to explore options for the borrower to avoid foreclosure as required by California Civil Code § 2923.5 and Civ. Code § 2923.55. Thirty days, or more, have passed since the initial contact was made.

X   The mortgage servicer has exercised due diligence to contact the borrower pursuant to California Civil Code § 2923.5 and Civ. Code § 2923.55 to "assess the borrower's financial situation and explore ... ." Thirty (30) days, or more, have passed since these due

☐   ...ply with California Civil Code § 2923.5 and ...es not meet the definition of a "borrower" under

☐   ...t apply because the loan is not secured by a first lien ...operty that meets the criteria in California Civil Code ...ection 2924.15 (a)(2) ("occupied by tenant").

Sig...

By...
Hom...                                              ...tsche Bank National Trust Company, as Trustee for GSAA
                                                    ...Series 2007-5

                                                    ...aldo                          February 6, 2024
                                                                                    Date

EXHIBIT "1"
Page 16 of 21

Exhibit 2

TS No.: 2024-00259-CA

RECORDING REQUESTED BY
Premium Title of California, Inc.

AND WHEN RECORDED MAIL TO:
Western Progressive, LLC
7730 Market Center Ave, Suite 100
El Paso, TX 79912**



**Electronically Recorded**
CONTRA COSTA Co Recorder Office
KRISTIN B. CONNELLY, Clerk-Recorder
**DOC - 2025-0031988**
Friday, Apr 4, 2025 09:28:00
SB2 Fee: $75.00

Total Paid: $101.00          Receipt #: 202500032318
10 - SimpliFile                               209 / AGPC2 / 1-4

---

SPACE ABOVE THIS LINE FOR RECORDER'S USE

T.S. No.: 2024-00259-CA                       A.P.N.: 055-690-019-9
Property Address: 1671 OBSERVATION WAY, ANTIOCH, CA 94531

## NOTICE OF TRUSTEE'S SALE

PURSUANT TO CIVIL CODE § 2923.3(a) and (d), THE SUMMARY OF INFORMATION
REFERRED TO BELOW IS NOT ATTACHED TO THE RECORDED COPY OF THIS DOCUMENT
BUT ONLY TO THE COPIES PROVIDED TO THE TRUSTOR.

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注：本文件包含一个信息摘要

참고사항: 본 첨부 문서에 정보 요약서가 있습니다

NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

**IMPORTANT NOTICE TO PROPERTY OWNER:**
YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 12/22/2006. UNLESS YOU TAKE
ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN
EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT
A LAWYER.

Trustor: **Jonathan Matias and Sharon Bacani, husband and wife**
Duly Appointed Trustee: **Western Progressive, LLC**
Deed of Trust Recorded 12/29/2006 as Instrument No. 2006-0414805-00 in book ----, page---- and of Official
Records in the office of the Recorder of Contra Costa County, California,
Date of Sale: **05/21/2025 at 01:30 PM**
Place of Sale:       **AT THE NORTH SIDE OF THE PITTSBURG CIVIC CENTER NEAR THE**
                     **GRASS LOCATED AT 65 CIVIC AVENUE, PITTSBURG, CA 94565**

**Estimated amount of unpaid balance, reasonably estimated costs and other charges: $ 1,342,918.45**

rsion 1.3 CA NOS 0524                                                        Page 1 of 4

TS No.: 2024-00259-CA

## NOTICE OF TRUSTEE'S SALE

THE TRUSTEE WILL SELL AT PUBLIC AUCTION TO HIGHEST BIDDER FOR CASH, CASHIER'S CHECK DRAWN ON A STATE OR NATIONAL BANK, A CHECK DRAWN BY A STATE OR FEDERAL CREDIT UNION, OR A CHECK DRAWN BY A STATE OR FEDERAL SAVINGS AND LOAN ASSOCIATION, A SAVINGS ASSOCIATION OR SAVINGS BANK SPECIFIED IN SECTION 5102 OF THE FINANCIAL CODE AND AUTHORIZED TO DO BUSINESS IN THIS STATE:

All right, title, and interest conveyed to and now held by the trustee in the hereinafter described property under and pursuant to a Deed of Trust described as:

More fully described in said Deed of Trust.

Street Address or other common designation of real property: 1671 OBSERVATION WAY, ANTIOCH, CA 94531
A.P.N.: 055-690-019-9

The undersigned Trustee disclaims any liability for any incorrectness of the street address or other common designation, if any, shown above.

The sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by the Deed of Trust with interest thereon, as provided in said note(s), advances, under the terms of said Deed of Trust, fees, charges and expenses of the Trustee and of the trusts created by said Deed of Trust. The total amount of the unpaid balance of the obligation secured by the property to be sold and reasonable estimated costs, expenses and advances at the time of the initial publication of the Notice of Sale is:
$ 1,342,918.45.

Note: Because the Beneficiary reserves the right to bid less than the total debt owed, it is possible that at the time of the sale the opening bid may be less than the total debt.

If the Trustee is unable to convey title for any reason, the successful bidder's sole and exclusive remedy shall be the return of monies paid to the Trustee, and the successful bidder shall have no further recourse.

The beneficiary of the Deed of Trust has executed and delivered to the undersigned a written request to commence foreclosure, and the undersigned caused a Notice of Default and Election to Sell to be recorded in the county where the real property is located.

EXHIBIT "1"
Page 19 of 21

TS No.: 2024-00259-CA

## NOTICE OF TRUSTEE'S SALE

**NOTICE TO POTENTIAL BIDDERS:** If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on this property.

**NOTICE TO PROPERTY OWNER:** The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call **(866)-960-8299** or visit this Internet Web site https://www.altisource.com/loginpage.aspx using the file number assigned to this case **2024-00259-CA**. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale.

 rsion 1.3 CA NOS 0524

Page 3 of 4

TS No.: 2024-00259-CA

## NOTICE OF TRUSTEE'S SALE

**NOTICE TO TENANT:** You may have a right to purchase this property after the trustee auction, if conducted after **January 1, 2021,** pursuant to Section 2924m of the California Civil Code. If you are an "eligible tenant buyer," you can purchase the property if you match the last and highest bid placed at the trustee auction. If you are an "eligible bidder," you may be able to purchase the property if you exceed the last and highest bid placed at the trustee auction. There are three steps to exercising this right of purchase. First, 48 hours after the date of the trustee sale, you can call **(866)-960-8299,** or visit this internet website https://www.altisource.com/loginpage.aspx, using the file number assigned to this case **2024-00259-CA** to find the date on which the trustee's sale was held, the amount of the last and highest bid, and the address of the trustee. Second, you must send a written notice of intent to place a bid so that the trustee receives it no more than **15 days** after the trustee's sale. Third, you must submit a bid, by remitting the funds and affidavit described in Section 2924m(c) of the Civil Code, so that the trustee receives it no more than **45 days** after the trustee's sale. If you think you may qualify as an "eligible tenant buyer" or "eligible bidder," you should consider contacting an attorney or appropriate real estate professional immediately for advice regarding this potential right to purchase.

**Western Progressive, LLC, as Trustee for beneficiary**
**C/o 1500 Palma Drive, Suite 238**
**Ventura, CA 93003**
**Sale Information Line:  (866) 960-8299**
https://www.altisource.com/loginpage.aspx

Date: April 2, 2025                         Loundie Chery--Trustee Sale Assistant

\*\*This address must be used for the required delivery by certified or overnight mail of postponement requests as specified pursuant to Civil Code section 2924f(e).

EXHIBIT "1"
Page 21 of 21